## IN THE MATTER OF JOHN J. LEARY.

*Court martial — jurisdiction of — when it must consist of three officers.*

A court martial consisting of one officer has no jurisdiction to try a person accused of disobedience of orders. Such a charge can only be tried by a court consisting of three officers.

A court consisting of one officer cannot acquire jurisdiction to try one accused of such offense by reason of his failure to plead its want of power.

CERTIORARI to review the conviction of the relator of disobedience of orders and failing to attend company drills, by a court martial consisting of the respondent.

*John J. Leary*, in person, for the relator.

*Horatio C. King*, for Major Wm. H. H. Tyson, the respondent.

BARNARD, P. J.:

A court martial consisting of one officer has only jurisdiction of " delinquencies and deficiencies " that occur in the military force. (Sec. 201, chap. 547, Laws of 1880.) It requires a court of three officers to hear and try offenses " other than delinquencies and deficiencies." (Same section.) The charge for disobedience of orders requires a three-officer court. " Said court shall not have jurisdiction thereof unless the same (charges) shall have been approved by the officer ordering the court." A copy of the charges are to be served. (Same section.)

A failure to plead to the jurisdiction of the court only waives such matters as an accused party may waive. He may waive notice and a copy of charges, but he cannot by omitting to plead lack of jurisdiction confer it upon a court which has none by law. In such a case the general rule is that consent cannot confer jurisdiction. It was extremely improper for the president of the court martial to return a letter from relator to H. C. King. It was not a part of the trial. It is a private letter to King. It is not proven. It could have no effect upon an invalid judgment.

The judgment should be reversed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Order and judgment reversed, with costs.